ACCEPTED
13-15-00442-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/30/2015 3:52:30 PM
Dorian E. Ramirez
CLERK

CAUSE 13-15-00442-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/30/2015 3:52:30 PM
DORIAN E. RAMIREZ
Clerk

RANDY EUGENE SMITH, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

APPELLANT'S BRIEF

Trial Cause 2013-08-7364

Calhoun County District Court

Submitted by

W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659

ORAL ARGUMENT **NOT** REQUESTED

1

## IDENTITY OF PARTIES AND COUNSEL

Appellant was represented at trial by Mr. James Beeler, Attorney at Law, POB 1841, Port Lavaca, TX 77979.  Appellant is represented on appeal by Mr. W. A. (Bill) White, Attorney at Law, POB 7422, Victoria, TX 77903.  During trial, appellant resided in Calhoun County.  Appellant is now incarcerated in IDTDCJ.

The State was represented at trial by Mr. Shannon Salyer, ADA, and Ms. Sara Rodriguez, ADA, both of the Calhoun County District Attorney's Office, 211 S. Ann St., 3rd Floor, Port Lavaca, TX 77979.  The State's reply brief will be prepared by Mr. Salyer.

## TABLE OF CONTENTS

                                                             Page

Index of Authorities                                          4

Appellant's Brief                                            5

Statement of the Case and Statement of Facts                5

Issues Presented

  1) THE COURT ERRED BY FAILING TO MAKE A FINDING THAT
     APPELLANT VOLUNTARILY ABSENTED HIMSELF          8

  2) DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO
     OBJECT TO APPELLANT'S TRIAL *IN ABSENTIA*       8

Summary of Argument                                         8

Issue 1 Argument                                            9

Issue 2 Argument                                            12

Prayer                                                      13

Certificate of Service                                      14

Certificate of Compliance                                   14

INDEX OF AUTHORITIES

*Cases*                                                          *Page*

*Garcia v. State,* 919 S.W.2d 370 (Tex.Crim.App.1996) 10

*Strickland v. Washington,* 466 U.S. 668 (1984)      12


*Statutes*

*Tex.Code Crim.Proc.Ann.,* art. 33.03 (Vernon 2014)   9-10


*Constitutional Provisions*

*U.S. Const.,* amend. VI                                10

CAUSE 13-15-00442-CR
Trial Cause 2013-08-7364

RANDY EUGENE SMITH, Appellant    IN THE THIRTEENTH

VS.    COURT OF APPEALS AT

THE STATE OF TEXAS    CORPUS CHRISTI, TEXAS

## APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, RANDY EUGENE SMITH, through counsel, W. A. (BILL) WHITE, Attorney at Law, showing:

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

Appellant was indicted in August 2013 for a forgery allegedly committed on 11/03/11. The indictment also alleged two prior felony convictions, making the state jail felony into a second degree felony, with an enhanced punishment range of 2 to 20 years in prison and up to a $10,000 fine.

Jury selection began on 3/09/15, with appellant entering his plea of "not guilty" before his impaneled jury on the same date, and opening statements taking

place on the same date. (RR Vol. 2, pp. 44-51). The court then recessed for the evening with guilt/ innocence testimony to begin the next morning.

The next morning, 3/10/15, when court began, appellant was not present. *No one* (prosecutor, defense attorney, or the trial judge) made *any* mention of this fact on the record that morning. (RR Vol. 3, p. 6, extreme top: "defendant not present")

*No finding* was made on the record by the judge that defendant voluntarily absented himself from trial. *No* objection was lodged by defense counsel or the State's prosecutor that trial was proceeding without appellant being present. *No* motion was made by either side that the trial judge, court staff, or law enforcement inquire of local hospitals, jails, or morgues to learn if appellant's absence might have been involuntary. The trial judge made *no* such inquiry *sua sponte,* according to the record. Trial rolled on as if all was normal. Obviously, any live, in-court identification of appellant at trial was impossible because he was not

in the courtroom after he entered his "not guilty" plea on 3/09/15.

The trial judge mentioned for the *first time* on the record on 3/10/15 that appellant was not present in court *after* both sides had rested and closed in the guilt/innocence phase. (RR Vol. 3, p. 40, lines 8-12)

During closing argument on guilt/innocence, the prosecutor made mention of appellant's absence to the jury, remarking twice that appellant had "voluntarily absented himself" from trial, without a judicial finding supporting same. (RR Vol. 3, pp. 44-45). The jury convicted appellant as charged on 3/10/15. (RR Vol. 3, p. 50, lines 1-3). The trial judge then commented to the jury that it is "really unusual" not to have the defendant present at trial. (RR Vol. 3, p. 50, lines 10-11)

The jury then went on to assess appellant's punishment at 20 years in prison and a $10,000 fine. (RR Vol. 4, p. 80-81). The jury found the two prior

felony convictions in the indictment's enhancement paragraphs to be true.

Appellant was sentenced nearly six months later on 8/27/15 when located. (RR Vol. 5, pp.4-5). When the trial judge asked if there was any legal reason why sentence should not be imposed, defense counsel answered in the negative. (RR Vol. 5, p. 5, lines 6-9). Again, *no* objection to appellant having been tried *in absentia* was made, nor to the fact that there was never an actual, formal, judicial finding that appellant had voluntarily absented himself.

## ISSUES PRESENTED

1) THE COURT ERRED BY FAILING TO MAKE A FINDING THAT APPELLANT VOLUNTARILY ABSENTED HIMSELF

2) DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO APPELLANT'S TRIAL *IN ABSENTIA*

## SUMMARY OF ARGUMENT

The trial court simply assumed, when appellant did not return to his trial on the second morning of same, that his absence was deliberate, and that he

8

voluntarily absented himself from trial.  The judge made no inquiries about whether something unforeseen and beyond appellant's control may have happened to him overnight (automobile accident, health issue, unrelated arrest, etc.) during the trial's recess.  The court simply proceeded with trial without first making a finding that appellant had voluntarily absented himself from his trial.  The court thus deprived appellant of his right to confront his accusers during trial, as guaranteed in the U.S. Constitution's Sixth Amendment.

Appellant's trial counsel, in failing to object to trial without his client present, was ineffective.

## Issue 1

THE COURT ERRED BY FAILING TO MAKE A FINDING THAT
APPELLANT VOLUNTARILY ABSENTED HIMSELF

ARGUMENT

Article 33.03 of the Texas Code of Criminal Procedure states, in part, "In all prosecutions for felonies, the defendant must be personally present at trial … provided, however, that in all cases, when the

9

defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion." *Tex.Code Crim.Proc. Ann.,* art. 33.03 (Vernon 2014). In all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him … *U.S. Const.,* amend. VI. However, like nearly all rights, including most constitutional rights, Texas courts have held that this right granted in article 33.03, even if denied, is subject to harmless error analysis. *See Garcia v. State,* 919 S.W.2d 370, 393-394 (Tex.Crim.App. 1996). Thus, the right may be violated as long as it does not make a difference in the trial's outcome.

The record is silent as to whether the trial judge made any inquiry as to why appellant did not return for trial on the morning of its second day. He did not order local law enforcement to check the rosters of local hospitals, jails, or morgues to see if appellant had perhaps been injured, arrested, or killed

overnight.  He resumed trial without making a finding first that appellant had voluntarily absented himself from the proceedings.  He in effect presumed the absence to be voluntary, without any inquiry or even cursory investigation reflected in the reporter's record.  By doing so, the trial judge violated appellant's right to confront his accusers at his trial under the Sixth Amendment to the U.S. Constitution.

By way of harm analysis, appellant could have guided his trial counsel to sharpen his questions of State's witnesses if he had been present at trial to hear their testimony against him.  Defendants in criminal cases frequently tell their counsel things at trial such as, "This witness is lying" or "That's not what I told him!"

However, because appellant was not present, and because trial proceeded anyway, he was unable to do this, although there was no finding that he was absent voluntarily.  In fact, no reason appears anywhere in

the record as to why appellant did not return to his trial at the beginning of its second day on 3/10/15.

## ISSUE 2

DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO APPELLANT'S TRIAL *IN ABSENTIA*

ARGUMENT

An appellant's claim that his trial counsel's assistance was so defective as to require reversal of his conviction requires that he show 1) that his counsel's performance was deficient and 2) that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). The appellant must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* With regard to the required showing of prejudice, the proper standard requires the appellant to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 691.

In the case at bar, defense counsel at trial did not object to his client's trial proceeding without him, although the trial judge failed to make a finding that appellant had voluntarily absented himself. He further did not object to remarks by the prosecutor and judge during trial that appellant was indeed absent from trial voluntarily, adding additional evidence of "guilt" to the State's case-in-chief on guilt/innocence and at punishment, rather than requiring the State to present its evidence against appellant without the *de facto* "bonus" of alluding that he had run away rather than face his music.

While the jury would have undeniably noticed appellant's absence on day two of trial, it was improper for the State and the judge to refer to it as evidence of guilt.


<u>PRAYER</u>

Appellant prays that conviction be reversed.

Respectfully submitted,

13

/s/ *W. A. White*
W. A. (BILL) WHITE
ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659


CERTIFICATE OF SERVICE

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Mr. Shannon Salyer, ADA, Calhoun County District Attorney's Office, 211 S. Ann St., 3rd Flr, Port Lavaca, TX 77979 via U.S. mail, fax, electronic delivery, or hand-delivery on this the 30th day of November 2015.

/s/ *W. A. White*
W. A. White


CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,735 words.

/s/ *W. A. White*
W. A. White

14